NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUDEL CORPORATION, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HEARTLAND PAYMENT SYSTEMS, INC.,<br><br>Defendant. | Civ. No. 16-2229<br><br>OPINION |

THOMPSON, U.S.D.J.

RECEIVED
FEB 16 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## INTRODUCTION

Before the Court is Plaintiff's Motion for Reconsideration or Clarification. (ECF No. 59.) The Motion is unopposed. The Court has reviewed the moving papers and has decided the Motion without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, the Motion is granted.

## BACKGROUND

The Court reprises only those facts relevant to this Motion. The parties in this action reached a settlement agreement in September 2017. (*See* Fearon Decl., Ex. 1 ("Settlement Agreement"), ECF No. 55-3.) Under the terms of the settlement, Defendant deposited $2.5 million to a common fund. (Pl.'s Br. at 7, 25, ECF No. 55-1.) Upon final approval, after the deduction of costs, fees, and awards, Class Members will automatically be mailed a check for their pro rata overcharges pursuant to the distribution plan. (*Id.* at 25; Settlement Agreement ¶¶ 51–52, 57–60.) On October 4, 2017, the Court preliminarily approved the settlement, certified

1

the settlement class, appointed class counsel, approved class notice, and scheduled a Fairness Hearing for 10:00 AM on January 16, 2018. (ECF Nos. 53, 54.) At the Fairness Hearing, the Court heard oral argument on whether the settlement was fair, adequate, and reasonable; reasonable fees and costs for class counsel; and a reasonable incentive award for Lead Plaintiff. The Court reserved on final approval and addressed those points in an Opinion and Order issued January 22, 2018. (ECF Nos. 57, 58.)

In the January 22nd Opinion and Order, the Court granted Plaintiff's Motion for Final Approval, with modified relief. The Court found the Settlement Agreement fair, reasonable, and adequate; awarded Class Counsel a 25% fee award from the Settlement Fund amounting to $619,523.93, calculated after deducting $16,904.29 in approved attorney expenses and $5,000 as an incentive award to Plaintiff (giving a cumulative attorney recovery of $636,428.22); and determined that an amount of $1,858,571.78 remained in the Settlement Fund.

On January 26, 2018, Plaintiff submitted the pending unopposed Motion for Reconsideration or Clarification. Plaintiff argues that the Court misread the Settlement Agreement in a way that conflicts with the parties' intent. In particular, Plaintiff rejects the Court's assumption that "All future expenses of settlement administration shall be paid out of the attorney fees and costs awarded herein." (Op. at 13 ("Jan. 22nd Op."), ECF No. 57; *see also id.* at 2 n.1, 12–13.) Citing paragraph 38 of the Settlement Agreement, Plaintiff contends that the notice and administration expenses should come directly from the Settlement Fund, and not from the award to Class Counsel. The Court now considers the Motion.

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Lynch v. Tropicana Prod., Inc.*, 2013 WL 4804528,

2

at *1 (D.N.J. Sept. 9, 2013) (quoting *Resolution Tr. Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)). "Conversely, the purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)). Although their purposes are different, "[m]otions for clarification are often evaluated under the standard for a motion for reconsideration in this jurisdiction." *Id.*; *see, e.g.*, *Antoine v. Rucker*, 2007 WL 789068, at *1 (D.N.J. Mar. 12, 2007).

A timely motion for reconsideration may be granted upon a finding of one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

## DISCUSSION

Although reconsideration is an extraordinary remedy, Plaintiff has met its burden here. Having read Plaintiff's moving brief (ECF No. 59-1) and considered the new Declaration of Stephen J. Fearon (ECF No. 59-2), the Court finds that it must clarify its January 22nd Opinion.

As Class Counsel acknowledges (*see* Fearon Decl. ¶¶ 24–25, 27–28, ECF No. 59-2), the Court was left to infer from the face of the Settlement Agreement and Counsel's own formula utilized in its final approval moving brief the relationship between settlement administration costs, attorney costs, the attorney fee award, and the incentive award to Lead Plaintiff. Nowhere does the Settlement Agreement precisely specify an order for these deductions or calculations

(*see, e.g.*, Settlement Agreement ¶¶ 38, 47, 50–52, 57–60; Settlement Agreement, Ex. 1 ("Allocation Formula"), ECF No. 55-3), saying only that all were to be paid out of the Settlement Fund. While Plaintiffs argue the controlling language is clear and unambiguous (Pl.'s Br. at 4–6, ECF No. 59-1), the Court disagrees; that the costs of notice and administration were included in the defined term "Settlement Amount" would not preclude the Court from inferring that those costs were subsumed by the award to Class Counsel, which is also to be paid out of the Settlement Fund by the terms of the Settlement Agreement. At the time of considering the final approval motion, the Court interpreted the Settlement Agreement in a manner it believed reflected the intent of the parties. Mr. Fearon now clarifies that he deducted the "firm's expenses from the $2,500,000 when making the fee request because the language of [his] firm's retainer agreement with Plaintiff required [him] to do so." (Fearon Decl. ¶ 28, ECF No. 59-2.)

Since Plaintiff has clarified the parties' intent, and because the Court maintains that the Settlement Agreement is fair, adequate, and reasonable, the Court hereby clarifies as follows. Any reference in the Court's January 22nd Opinion that all future costs of settlement administration would be paid from the fees and costs awarded to Class Counsel was erroneous. (*See, e.g.*, Jan. 22nd Op. at 2 n.1, 12–13.) All costs of settlement administration shall come directly from the $1,858,571.78 remaining in the Settlement Fund after the deduction of attorneys' fees, costs, and the service award specified in the January 22nd Opinion and Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration or Clarification is granted as detailed in this Opinion. An appropriate order will follow.

Date: 2/15/18

ANNE E. THOMPSON, U.S.D.J.

4